

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Christine Lepera
(917) 546-7703 Phone
(917) 546-7673 Fax
ctl@msk.com

April 28, 2014

**BY ECF**

Hon. Ronnie Abrams, U.S.D.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2203
New York, NY 10007

Re:  <u>*New Old Music Group, Inc. v. Gottwald et al.* - **Case No. 13 Civ. 9013 (RA)**</u>

Dear Judge Abrams:

We are counsel for Defendants in the above-referenced action. We write pursuant to the Court's direction at the April 18, 2014 conference to file a letter brief in support of Defendants' proposed case management schedule. Pursuant to that schedule, this litigation would begin with a period for expert musicologist discovery and would be followed by Defendants' summary-judgment motion pertaining to the dispositive issues of probative and substantial similarity, discussed below. Discovery regarding all other issues would be stayed pending the adjudication of this motion practice.[1]

Defendants' proposed schedule will provide the potential for a prompt disposition of this litigation, thereby conserving the resources of the parties and the Court. Numerous courts in the Second Circuit have granted defendants summary judgment in similar copyright infringement actions on the grounds of lack of probative and/or substantial similarity.

**1.  Background**

  a.  <u>The Allegations of the First Amended Complaint</u>

This is an action for alleged copyright infringement. Plaintiff claims to be the current owner of the copyright in a musical composition called "Zimba Ku" which was allegedly written by an individual named Lenny Goldsmith in 1975. A sound recording of this composition was allegedly recorded by the musical group Black Heat thereafter. Plaintiff does ***not*** claim to be the copyright owner of, and does not allege any infringement of, that sound recording.[2] There is

---

[1] As set forth in the parties' Scheduling Report (ECF No. 20), Defendants have also provided the Court with an alternative proposed schedule, pursuant to which liability discovery and damages discovery would be bifurcated.

[2] In copyright infringement cases involving music, it is important to distinguish between musical compositions and sound recordings. "Sound recordings and their underlying musical compositions are separate works with their own

6056656.1/41770-00010

12 East 49th Street, 30th Floor, New York, New York 10017-1028
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM

thus no "sample" sound recording claim at issue.

In its Amended Complaint, Plaintiff alleges that its composition "Zimba Ku" was infringed by a musical composition called "Price Tag." The Defendants are writers of "Price Tag," and corporate entities who are alleged to have exploited "Price Tag". Plaintiff's Amended Complaint expressly premises its single infringement claim upon only one similarity between "Zimba Ku" and "Price Tag" – a one-measure drum rhythm (hereafter, the "Drum Rhythm").[3] There is no allegation in the Amended Complaint of melodic, lyrical or other similarities between the works.

      b.      <u>Elements Of A Copyright Infringement Claim</u>

To prevail on its copyright infringement claim, Plaintiff must establish (i) ownership of a valid copyright; and (ii) unauthorized copying of a copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In order to prove unauthorized copying, Plaintiff has to satisfy two prongs: Plaintiff "must show both that [its] work was 'actually copied' and that the portion copied amounts to an 'improper appropriation.'" *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (citations omitted).

The first inquiry – whether Defendants "actually copied" Plaintiff's work – can be proven by either direct or indirect evidence. Indirect evidence will only suffice if the "'person who composed defendant's work had access to the copyrighted material, and . . . there are similarities between the two works that are probative of copying.'" *Velez v. Sony Discos*, No. 05 Civ. 0615 (PKC), 2007 U.S. Dist. LEXIS 5495, at *20 (S.D.N.Y. Jan. 16, 2007), *reconsideration denied* 2007 U.S. Dist. LEXIS 27343 (S.D.N.Y. Apr. 5, 2007).[4] Similarities between works are "probative of copying" only if the "similarities . . . would not be expected to arise if the works had been created independently." *Id.* at *20-*21 (citations omitted). Stated differently, "not all similarities are 'probative similarities'; the similarities must be of such a nature that they would be unlikely to arise in works of independent creation." *Id.* at *30-*31.

Expert testimony is appropriately considered in determining whether a particular musical element is or is not a probative similarity, because, for example, "it is so commonplace that it is not unlikely to arise [in] independently created works." *Id.* (expert report demonstrated that use of consecutive eight-measure phrases in the structure of a composition was commonplace by

---

distinct copyrights . . . A musical composition consists of rhythm, harmony, and melody", can be notated in sheet music, and can be performed by any musical performer with sufficient skill. *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002) (citations omitted), *aff'd* 349 F.3d 591 (9th Cir. 2003). A sound recording captures "the sound produced by . . . [a particular] performer's rendition of" a musical composition. *Id.*

[3] At the April 18, 2014 conference, Plaintiff's counsel did not contest that the only allegedly similar element of "Zimba Ku" and "Price Tag" was the Drum Rhythm.

[4] In this type of copyright infringement action, actual copying is invariably established (if at all) through indirect, as opposed to direct, evidence. Even "smoking gun" evidence such as a videotape of the defendant listening to the plaintiff's song merely constitutes proof of access, but not evidence of direct copying. *Velez*, 2007 U.S. Dist. LEXIS 5495, at *26-27.

listing 60 popular songs in a variety of genres that made use of the same structural device); *see also McDonald v. Multimedia Entm't, Inc.*, No. 90 Civ. 6356 (KC), 1991 U.S. Dist. LEXIS 10649, at *5 (S.D.N.Y. July 19, 1991) ("Evidence admissible on the issue of 'probative similarity' includes expert testimony 'dissecting' the two works and discussing the works' relationships to other earlier works, for the purpose of illuminating whether similarities between the two works are more likely due to copying or independent creation.").

The second query – the "improper appropriation" analysis – considers whether the works at issue are "substantially similar." "In most cases, the test for 'substantial similarity' is the so-called 'ordinary observer test'", *i.e.*, "whether 'an average lay observer would [] recognize the alleged copy as having been appropriated from the copyrighted work'". *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F. 3d 996, 1002 (2d Cir. 1995) (citation omitted). However, when comparing works "that contain both protectible and unprotectible elements . . . the [Court's] inspection must be 'more discerning'; ***[the Court] must attempt to extract the unprotectible elements from . . . consideration and ask whether the protectible elements, standing alone, are substantially similar***." *Id.* at 1003 (emphasis added) (citation omitted).[5] This is because the fact "that a whole work is copyrighted does not mean that every element of it is copyrighted . . . ." *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992). Because the test for "improper appropriation" is the response of the ordinary observer, expert testimony is not considered in evaluating substantial similarity. *Gottwald v. Jones*, No. 11 Civ. 1432, 2011 U.S. Dist. LEXIS 103414, at *9 (S.D.N.Y. Sept. 12, 2011).

In conducting the probative and substantial similarity analyses, it is important to recognize that "a defendant is not liable for infringement even if he copies, if the copied material is not protectable." *McDonald*, 1991 WL 311921, at *2. In the context of music, it long has been held that "[c]ertain compositional elements common to many songs 'are unoriginal and constitute '*scenes a faire*,' or ordinary, unprotectible expression" that no composer is entitled to monopolize. *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282 (S.D.N.Y. 1991). *Accord, Boone*, 206 Fed. Appx. at 33 ("it is well-established that common phrases are not protectable under copyright . . . .") (citing *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 144 (2d Cir. 1998)); *Currin v. Arista Records, Inc.*, 724 F. Supp. 2d 286, 291 (D. Conn. 2010).

2.  **The Court Can Decide On Summary Judgment That The Works Are Devoid of Probative Similarities and Not Substantially Similar**

Defendants (i) do not concede that Plaintiff has a valid copyright in "Zimba Ku", (ii) dispute that the writers of 'Price Tag' had access to "Zimba Ku," and (iii) maintain "Price Tag" was created independently without copying "Zimba Ku." However, these matters need not be litigated if the Court finds as a matter of law that the only similarity between the works is unprotectable, and thus that the works do not have probative similarities and are not substantially similar.

---

[5] In applying the *Knitwaves* standard, a "'court . . . must analyze the two works closely to figure out in what respects, if any, they are similar, and then determine whether these similarities are due to protected aesthetic expressions original to the allegedly infringed work, or whether the similarity is due to something in the original that is free for the taking.'" *Boone v. Jackson*, 206 Fed. Appx. 30, 33 (2d Cir. 2006) (citation omitted).

**MITCHELL SILBERBERG & KNUPP LLP**

Hon. Ronnie Abrams, U.S.D.J.
April 28, 2014
Page 4

"Courts have regularly granted summary judgment in copyright cases where it is clear that the plaintiff cannot make out the elements of the claim." *Siskind v. Newton-John*, No. 84 Civ. 2634, 1987 U.S. Dist. LEXIS 4084, at *12 (S.D.N.Y. May 22, 1987); *see also Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 977 (2d Cir. 1980) (summary judgment is appropriate in copyright infringement cases "to put 'a swift end to meritless litigation' and to avoid lengthy and costly trials." (citation omitted)). Specifically, and relevant here, "summary judgment may be granted when any similarities between the works relate only to non-copyrightable elements or when no reasonable jury could find the two works substantially similar." *Jean v. Bug Music, Inc.,* No. 00 Civ. 4022 (DC), 2002 U.S. Dist. LEXIS 3176, at *15 (S.D.N.Y. Feb. 27, 2002); *see also Currin*, 724 F. Supp. 2d at 291 ("summary judgment is appropriate on [the issue of substantial similarity], where the similarity concerns only noncopyrightable elements of plaintiff's work or where 'no reasonable trier of fact could find the works substantially similar.'" (quoting *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996))).

Here, as noted above, Plaintiff alleges that its work, "Zimba Ku," and Defendants' work, "Price Tag," share only one element, the Drum Rhythm. *See* Am. Compl., ¶¶ 26-28, 43-50. Defendants intend to present expert testimony in order to show that this similarity is common and widely used in funk/R&B music, including in "prior art", *i.e.,* songs by third parties which pre-date the release of the Plaintiff's composition. Consideration of this type of expert testimony and prior art is unquestionably appropriate on summary judgment on the dissection prong discussed above, and if credited, mandates dismissal of Plaintiff's claim. *E.g.*, *Velez*, 2007 U.S. Dist. LEXIS 5495, at *26-37 (dismissing plaintiff's claim as a matter of summary judgment, after considering expert testimony regarding the commonplace nature of the similarities between the two musical works at issue); *Jean*, 2002 U.S. Dist. LEXIS 3176, at *16-21 (same); *McDonald*, 1991 WL 311921, at *7-*15 (same). *See also Gottwald*, 2011 U.S. Dist. LEXIS 103414, at *18 (no substantial similarity existed between two compositions whose only musical similarity was a "rhythmic pulse" that was "not copyrightable").

At the April 18, 2014 conference, Plaintiff's counsel wrongly argued that, even if the Drum Rhythm is found to be commonplace and present in many earlier songs, it may still form the basis of a valid copyright infringement claim against Defendants if the Drum Rhythm was "original" to Goldsmith – *i.e.*, if Goldsmith had never heard those earlier songs, and independently came up with the Drum Rhythm himself, when he wrote "Zimba Ku".[6] Not so. As a matter of law, "'***[m]aterial or themes commonly repeated in a certain genre are not protectible by copyright,*** *'* **nor are 'so-called scenes a faire.'**" *Lapine v. Seinfeld*, No. 08 Civ. 128, 2009 U.S. Dist. LEXIS 82304, at *19 (S.D.N.Y. Sept. 10, 2009) (emphasis added) (citing *American Direct Marketing v. Azad Int'l, Inc*., 783 F. Supp. 84, 95 (E.D.N.Y. 1992)), *aff'd*, 375 Fed. Appx. 81 (2d Cir. 2010). Thus, if the Drum Rhythm is established through prior art to be

---

[6] "Original" has multiple meanings. When Defendants stated in their Scheduling Report (ECF No. 20) that they expect to prove as a matter of summary judgment that the Drum Rhythm is "not original to the Plaintiff's composition", they were referring to the fact that the Drum Rhythm is a commonplace rhythm and Goldsmith was not the first person to come up with it. It is irrelevant whether Goldsmith independently came up with the Drum Rhythm (*i.e.*, whether it was "original" to him) without copying the prior art.

commonplace (as Defendants expect it will be), then the Drum Rhythm cannot be protected by copyright, and the facts of how it came to be used in "Zimba Ku" by Goldsmith are irrelevant.

### 3. The Court Has Discretion To Bifurcate This Action In the Manner Requested

This Court has discretion to direct that discovery be conducted in separate phases, in order to conserve resources and minimize potentially unnecessary discovery. *Leveraged Leasing Admin. Corp. ex rel. Dweck v. Pacificorp Capital*, 87 F.3d 44, 49 (2d Cir. 1996). Defendants submit that their proposal for phased discovery would serve all of these purposes, as it would allow the dispositive issue of substantial similarity to be adjudicated on summary judgment following expert discovery. The parties would be able to avoid extensive fact discovery (including fact witness depositions and document discovery) and motion practice regarding other, unrelated issues – such as ownership of Plaintiff's composition, the creation of Plaintiff's composition, the creation of Defendants' composition, access, copying and damages – which never need to be considered if the works at issue lack any protectable similarities.

Further, Plaintiff will suffer no prejudice as a result of Defendants' proposal, given that expert musicologist discovery will eventually occur in this action, regardless of the schedule issued by the Court. While Defendants' proposed schedule would slightly delay the commencement of fact discovery, that minimal delay is of little consequence, especially in light of Plaintiff's much longer delay in commencing this action. Specifically, although Plaintiff's predecessor in interest served a demand letter regarding its infringement claim on certain of the Defendants on March 15, 2012 (Am. Compl. Ex. 4),[7] Plaintiff nonetheless waited until December 2013, shortly before the expiration of the Copyright Act's three-year statute of limitations, to initiate this litigation. Accordingly, any minimal delay to Plaintiff is far outweighed by the potential benefits of Defendants' proposed phased discovery plan, *i.e.*, a potential early resolution of this action that would require no party to incur the expense of extensive fact discovery.

Defendants therefore respectfully request that the Court phase discovery in this litigation such that it begins with a period for expert musicologist discovery, followed by dispositive motion practice pertaining to the issues of probative and substantial similarity, and that the Court stay discovery regarding all other issues pending the outcome of that motion practice.

We greatly appreciate the Court's consideration of this request.

Respectfully submitted,

/s/ Christine Lepera
Mitchell Silberberg & Knupp LLP

cc:     Counsel for Plaintiff *(via email)*

---

[7] Those Defendants promptly responded to Plaintiff's counsel in a letter of their own, in which they denied liability.