UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW OLD MUSIC GROUP, INC.,

    Plaintiff,

-v-

LUKASZ GOTTWALD, et al.,

    Defendant.

Civil Action No. 13 Civ. 9013 (RA)

## DECLARATION OF JEFFREY M. MOVIT
## IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

JEFFREY M. MOVIT, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am Of Counsel to the law firm Mitchell Silberberg & Knupp LLP, which is counsel for Defendants Lukasz Gottwald, Prescription Songs LLC, Kasz Money, Inc., Kobalt Music Publishing America Inc., Jessica Cornish, Sony/ATV Tunes LLC, Sony/ATV Music Publishing (UK) Limited, UMG Recordings, Inc., Republic Records, a division of UMG Recordings, Inc. (incorrectly sued as "Universal Republic Records") and Lava Music, LLC ("Defendants") in the above-captioned action.

2. I submit this Declaration in support of the Defendants' motion for dismissal of this action as a matter of summary judgment. I have personal knowledge of the facts set forth herein.

### Evidence Establishing Defendants' Entitlement to Summary Judgment

3. Exhibits 1 through 13 of this Declaration attach the evidence which is cited in Defendants' Local Rule 56.1 Statement of Undisputed Facts, and which demonstrates Defendants' entitlement to dismissal of this action as a matter of summary judgment.

4. Annexed hereto as **Exhibit 1** is a true and correct copy of a CD which contains two tracks. The first track is the recording by Jessica Cornish p/k/a "Jessie J" of the allegedly infringing composition "Price Tag". The second track is the recording by the musical group "Black Heat" of the allegedly infringed composition "Zimba Ku".

5. Annexed hereto as **Exhibit 2** is a true and correct copy of the initial report in this action by Plaintiff's expert witness Jim Payne, dated June 12, 2014.

6. Annexed hereto as **Exhibit 3** is a CD which was attached as an exhibit to Mr. Payne's initial report.

7. Annexed hereto as **Exhibit 4** is a true and correct copy of the rebuttal report in this action by Mr. Payne, dated July 31, 2014.

8. Annexed hereto as **Exhibit 5** is a true and correct copy of the initial report in this action by Defendants' expert witness Dr. Lawrence Ferrara, dated July 14, 2014.

9. Annexed hereto as **Exhibit 6** is a CD which was attached as an exhibit to Dr. Ferrara's initial report. The CD is referred to in Dr. Ferrara's initial report as "Audio Exhibit 1". An index of the contents of this CD is contained in "Appendix 1" to Dr. Ferrara's initial report.

10. Annexed hereto as **Exhibit 7** is a true and correct copy of the rebuttal report in this action by Dr. Ferrara, dated August 19, 2014.

11. Annexed hereto as **Exhibit 8** is a true and correct copy of the initial report in this action by Defendants' expert witness Steven Wolf, dated July 14, 2014.

12. Annexed hereto as **Exhibit 9** is a true and correct copy of the rebuttal report in this action by Mr. Wolf, dated August 19, 2014.

13. Annexed hereto as **Exhibit 10** is a true and correct copy of relevant excerpts from the transcript of the August 25, 2014 deposition of Mr. Payne in this action. These excerpts

contain the admissions by Mr. Payne which establish Defendants' entitlement to dismissal of this action as a matter of summary judgment.

14. Annexed hereto as **Exhibit 11** is a true and correct copy of a letter from Plaintiff's counsel to the undersigned dated September 15, 2014, enclosing "the executed errata sheet and certification of transcript" for the deposition of Mr. Payne in this action.

15. Annexed hereto as **Exhibit 12** is a true and correct copy of a CD which was marked as "Exhibit H" at the deposition of Mr. Payne. This CD contains the following songs: "Get Up (I Feel Like Being a) Sex Machine" by James Brown; "Rock Steady" by Aretha Franklin; "Funky Drummer (Pt. 1 & 2)" by James Brown; "Chameleon" by Herbie Hancock; "Just Kissed My Baby" by the Meters; "Nautilus" by Bob James; "Can't You Hear Me Knocking" by the Rolling Stones; "Talkin' Loud and Sayin' Nothing" by James Brown; "What's Going On" by Donny Hathaway; "Soul Power" by James Brown; "Voodoo Child (Slight Return)" by Jimi Hendrix; and "Funky President (People It's Bad)" by James Brown.

16. Annexed hereto as **Exhibit 13** is a true and correct copy of a CD which was marked as "Exhibit U" at the deposition of Mr. Payne. This CD contains the following songs: "Never, Never Gonna Give Ya Up" by Barry White; "Kissing My Love" by Bill Withers; "When the Levee Breaks" by Led Zeppelin; "Sing, Sing, Sing" by Gene Krupa; "Palm Grease" by Herbie Hancock; "Rock and Roll" by Led Zeppelin; "Keep a Knockin'" by Little Richard; "Break on Through (to the Other Side)" by the Doors; and "Impeach the President" by the Honeydrippers.

### Background Materials Regarding Plaintiff's Improper "Sampling" Argument

17. Plaintiff has proffered opinions from a purported recording engineer named Peter Becker ("Becker"), who speculates that the recording of "Zimba Ku" was purportedly sampled in the process of recording "Price Tag". As explained in Defendants' accompanying Memorandum

3

of Law, Becker's opinions are entirely irrelevant and constitute an improper effort to confuse the legitimate issues in dispute and increase Defendants' costs given, *inter alia*, that Plaintiff does not own the recording of "Zimba Ku", and given that Plaintiff did not challenge Defendants' numerous prior statements to the Court that no "sample" is at issue here.

18. Given that Plaintiff inevitably will cite Becker's opinions in opposition to summary judgment, Defendants are providing the Court with certain materials pertaining to them at this time, so that the Court is properly apprised of their improper nature from the outset of summary judgment motion practice. Those materials are annexed as Exhibits 14 through 18 to this Declaration. Again, the opinions in this actions regarding purported "sampling" or the lack thereof are entirely irrelevant to the basis for Defendants' summary judgment motion – i.e., that the similarities between the *compositions* at issue are commonplace and therefore are not probative of copying, and could not constitute improper appropriation in any event. For that reason, the materials annexed to this Declaration as Exhibits 14 through 18 do not create any issue of fact (material or otherwise), and are not cited in Defendants' Local Rule 56.1 Statement of Undisputed Facts.

19. Annexed hereto as **Exhibit 14** is a true and correct copy of Becker's initial expert report in this action, dated June 13, 2014 (without the "audio" and "video" exhibits thereto).

20. Annexed hereto as **Exhibit 15** is a true and correct copy of Becker's rebuttal report in this action, dated July 31, 2014 (without the "video" exhibits thereto).

21. Because the Court has not yet held that Becker's "sampling" opinions are improper and irrelevant, Defendants had no choice but to incur the significant expense of retaining an expert recording engineer, Paul Geluso, to refute those opinions, and demonstrate with empirical evidence that no sample of the "Zimba Ku" recording exists in the "Price Tag"

4

recording. Mr. Geluso's initial report in this action is annexed hereto as **Exhibit 16**. Mr. Geluso's rebuttal report (without the "audio" exhibits thereto is annexed as **Exhibit 17**.

22. Annexed hereto as **Exhibit 18** are excerpts from the transcript of the August 28, 2014 deposition of Becker in this action, in which Becker admitted the speculative nature of his opinions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: October 6, 2014
New York, NY

_____
Jeffrey M. Movit