UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW OLD MUSIC GROUP, INC.,

        Plaintiff,

   -v-

LUKASZ GOTTWALD, *et al.*,

        Defendants.

Civil Action No. 13 Civ. 9013 (RA)

# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION

Defendants respectfully submit this reply memorandum of law in further support of their motion for reconsideration of this Court's August 7, 2015 Opinion, which denied Defendants' motion for summary judgment.[1]

## PRELIMINARY STATEMENT

In its opposition, Plaintiff does not and cannot controvert the following dispositive matters of law and fact which establish that summary judgment should have been granted in Defendants' favor:

1) When conducting an improper appropriation analysis of works "that contain both protectible and unprotectible elements… [the Court] must attempt to extract the unprotectible elements from … consideration and ask whether the *protectible elements*, *standing alone*, are substantially similar." *Knitwaves, Inc. v. Lollytogs Ltd.,* 71 F.3d 996, 1002 (2d Cir. 1995) (citation omitted) (italics in original).

2) The combination of the following elements of the Price Tag and Zimba Ku drum parts—(a) sixteen consecutive 16th notes; (b) a bass drum pattern consisting of two eighth notes on the first beat of the measure, followed by three syncopated notes on beats 2 and 3; and (c) snare drum attacks on beats 2 and 4—is commonplace and unprotectible, because this combination admittedly exists in extensive prior art.

3) Once this commonplace combination has been extracted from consideration, the only alleged similarities between Zimba Ku's and Price Tag's drum parts which remain are: tempo, choice of instrumentation, accents, and a snare drum "drag" or "ghost note."

4) Plaintiff's admissions (which were overlooked in the Opinion) establish that these remaining alleged similarities are slight, trivial and noninfringing. These admissions include that "[a] composition does not change based upon the instrument which performs that composition" and that "[a] composition does not change depending upon the tempo at which it is performed …." *See* RSUF, Dkt. No. 54-1, at ¶¶ 72, 89. Plaintiff completely ignores these admissions in its opposition to this motion, and thereby concedes that they are binding and dispositive.

Accordingly, reconsideration should be granted, and this case thereafter dismissed as a matter of

---

[1] Capitalized terms and abbreviations are defined in Defendants' opening brief in support of this reconsideration motion.

1

summary judgment, because the allegedly similar elements between Zimba Ku and Price Tag cannot support a claim of improper appropriation as a matter of law.

## ARGUMENT

### A. Plaintiff Fails to Controvert that, Pursuant to *Knitwaves*, the Court Should Have Extracted the Commonplace Combination of Unprotectible Elements in Zimba Ku and Price Tag from Consideration in Its Substantial Similarity Analysis

In its Opinion, the Court concluded that a disputed issue exists as to improper appropriation because "Defendants have not shown that the relevant drum part in **its totality** existed in any prior art …." Opinion at 23 (emphasis added). Defendants respectfully submit this conclusion was incorrect because under governing Second Circuit precedent, the Court should have extracted the commonplace combination of commonplace elements in the drum parts of Zimba Ku and Price Tag from consideration before determining whether any remaining similarities are sufficient to present to a jury on the issue of substantial similarity. Defendants respectfully submit that had the Court done so, it would have been clear that the only remaining similarities are admittedly trivial and thus insufficient for any finding of substantial similarity.

As Defendants have noted, when conducting an analysis of works "that contain both protectible and unprotectible elements … [the Court] must attempt to **extract the unprotectible elements from** … **consideration** and ask whether the *protectible elements*, *standing alone*, are substantially similar." *Knitwaves, Inc. v. Lollytogs Ltd.,* 71 F.3d 996, 1002 (2d Cir. 1995) (citation omitted) (emphasis added) (italics in original). In the context of music, it is undisputed that certain compositional elements common to many songs "are unoriginal and constitute '*scenes a faire,*' or ordinary, unprotectible expression" that should be extracted from consideration in the substantial similarity analysis. *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282 (S.D.N.Y. 1991); *accord Boone v. Jackson,* 206 F. App'x 30, 33 (2d Cir. 2006); *Currin*

*v. Arista Records, Inc.*, 724 F. Supp. 2d 286, 291 (D. Conn. 2010); *Jean v. Bug Music, Inc.*, 2002 U.S. Dist. LEXIS 3176, at *13 (S.D.N.Y. Feb. 27, 2002). It is also undisputed that the Court should assess the "total concept and feel" of the works at issue, and assess whether the "select[ion], coordinat[ion] and arrange[ment]" (*i.e.,* combination) of allegedly infringed elements in the plaintiff's work is unprotectible. *Knitwaves*, 71 F.3d at 1004.

Here, there is no dispute that Zimba Ku and Price Tag both contain the following musical elements in **combination**: (a) sixteen consecutive 16th notes; (b) a bass drum pattern consisting of two eighth notes on the first beat of the measure, followed by three syncopated notes on beats 2 and 3; and (c) snare drum attacks on beats 2 and 4.[2] *See* Opinion at 3. There is clearly no dispute that each of these elements is commonplace in isolation. RSUF ¶¶ 17-27, 32-43, 49-51, 53-58; Opinion at 22. What was overlooked was that all of these elements are also found in a commonplace **combination** in numerous prior art works including "Me and Bobby McGee," "ABC," "I Will Find a Way," and *The Drumset Musician* instruction book. RSUF ¶¶ 53-56.

In its brief in opposition to this motion, Plaintiff tries to obfuscate, but cannot actually challenge, that all of these musical elements exist in combination in Zimba Ku, Price Tag, and the aforementioned prior art. This is an undisputed fact. To try to confuse matters, Plaintiff argues that it only conceded that the bass drums in Zimba Ku, Price Tag and the prior art are "identical," and that it did not concede that the other elements of the drum parts at issue are "identical." Opp at 4-5. This is an irrelevant point, given that, irrespective of its refusal to use the word "identical," Plaintiff's concessions establish that Zimba Ku, Price Tag and the prior art share the same commonplace combination of **all** of the musical elements set forth above. Accordingly, the Court should have "extracted" this unprotectible combination of elements

---

[2] Defendants' opening brief incorrectly referred to this element as "snare drum attacks on beats 2 and 3." This was an inadvertent typographical error.

3

before considering whether there are any remaining protectible elements in Zimba Ku and Price Tag which could rise to the level of substantial similarity.[3]

Although Plaintiff argues that in *Knitwaves* the Second Circuit "expressly rejected" the "extraction" test (Opp. at 2-3), that is entirely inaccurate, as a reading of the *Knitwaves* case itself makes clear. 71 F.3d 996 at 1002. In *Knitwaves*, the Second Circuit propounded the "extraction" analysis, and merely cautioned against engaging in that analysis at such a microscopic level of detail as to find that "there can be no originality in a painting because all colors of paint have been used in the past." *Id.* at 1003. Indeed, in the years following the *Knitwaves* decision, the Second Circuit has repeatedly upheld the validity of, and applied, the "extraction" test. *DiTocco v. Riordan*, 496 F. App'x 126, 128 (2d Cir. 2012); *Latimore v. NBC Universal TV Studio*, 480 F. App'x 649, 650-51 (2d Cir. 2012); *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010).

Contrary to Plaintiff's incorrect assertion, Defendants have not "surgically dissected" the musical elements of Zimba Ku and Price Tag at a microscopic level of detail in purported contravention of *Knitwaves*. *See* Opp. at 6. Rather, Defendants have properly established, consistent with *Knitwaves* and its progeny, that the "select[ion], coordinat[ion] and arrange[ment]" (*i.e.*, combination) of musical elements in Zimba Ku's drum part is itself admittedly commonplace and thus unprotectible.[4] 71 F.3d at 1004.

---

[3] Trite and commonplace expression does not satisfy the minimum threshold of creativity to be deemed original expression under the Copyright Act. *See Computer Assocs. Int'l v. Altai*, 982 F.2d 693, 709-710 (2d Cir. 1992) ("*scenes a faire*" and public domain material do not constitute creative expression and are free for the taking). Thus, it is irrelevant for purposes of this motion whether Zimba Ku's alleged composer Lenny Goldsmith was influenced by the earlier smash hit songs such as "ABC" which contained this combination, although it is highly likely that he was.

[4] Plaintiff also wrongly argues that Defendants' reconsideration motion relies upon a purportedly abrogated case entitled *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905 (2d Cir. 1980). However, Defendants solely cited *Durham Indus.* for the unexceptional proposition—which

4

> **B.     Plaintiff's Opposition Entirely Ignores Its Own Admissions Which Establish That the Other Similarities between Zimba Ku and Price Tag Are Trivial and Cannot Support a Finding of Substantial Similarity as a Matter of Law**

After "extracting" the commonplace combination of elements discussed in Section A above, only four alleged similarities between Price Tag and Zimba Ku remain.[5] In their moving brief, Defendants set forth, in block quotations, the binding and unequivocal admissions by Plaintiff which were overlooked by the Court in its Opinion and which establish that each of these similarities is slight and trivial. *See* Def. Br. at 10-13. Critical here, Plaintiff completely ignores these admissions in its opposition brief, thereby conceding that they are indeed binding and dispositive of this case. Plaintiff misses the point by arguing that the Court addressed these similarities in its Opinion (*see* Opp. at p. 6). The issue is that the Opinion overlooked Plaintiff's *admissions* regarding these similarities, and then accorded the similarities far more significance than Plaintiff itself conceded they should be accorded.

Plaintiff's uncontroverted admissions include, but are not limited to, the following:

---

unquestionably remains good law—that "the tests for copyright validity and copyright infringement are not the same." 630 F.2d at 911 n.9. Moreover, *Durham Indus.* was not abrogated in any respect by *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 365 F.3d 133 (2d Cir. 2004), as Plaintiff wrongly claims.

To further confuse matters, Plaintiff includes an out-of-context quotation from *Mattel, Inc.* to wrongly suggest that case held that trite and commonplace expression such as *scenes a faire* and public domain material may be copyrighted. However, the *Mattel, Inc.* case held nothing of the sort. Instead, it held that "standard or commonplace" features of a doll such as "widely spaced eyes" constitute an idea that may be expressed in numerous original ways, and that each such expression is potentially copyrightable. 365 F.3d at 136 and n.3 thereto. This is an unexceptional holding, given that under the Copyright Act, an idea is not copyrightable; only an original expression of that idea is. *See Computer Assocs. Int'l*, 982 F.2d at 703. As discussed herein, the commonplace combination of drum elements in Zimba Ku and Price Tag constitutes unprotectible expression.

[5] Again, those alleged similarities are: (1) that the measure of straight 16th notes is played on closed hi-hats (as opposed to open hi-hats or a tambourine); (2) tempo; (3) that the straight 16th notes contain alternating accents; and (4) "ghost notes" or "drags."

- "A composition does not change based upon the instrument which performs that composition …." RSUF ¶ 89.

- A 16th note remains a 16th note regardless of whether it is played on an open hi-hat or a closed hi-hat. Payne Dep., Dkt. No. 46-10, at 53:17-24.

- "All of the notes in a composition retain their relationship to each other in terms of rhythm and pitch, irrespective of the tempo at which the composition is performed." RSUF ¶ 71 (citing Payne Dep., 115:19-24).

- "A composition does not change depending upon the tempo at which it is performed …." RSUF ¶ 72 (citing Payne Dep., 115:9-24; Ferrara Rebuttal Report, p. 17).

- "[A]n accent is an emphasis on a note that makes it louder than an unaccented note," and "an accented 16th note and an unaccented 16th note are both 16th notes." Payne Dep., 54:4-11.

- Both "drags" and "ghost notes" are common, and the "ghost notes" in Zimba Ku and Price Tag are "very hard to hear." RSUF ¶¶ 49, 51; Payne Dep., 114:4-8; Payne Rebuttal Report, Dkt. No. 46-4, at p. 9.[6]

It is undisputed that "slight or trivial similarities are not substantial and are therefore noninfringing." Opinion at 20 (quoting 4-13 Nimmer on Copyright § 13.03). Because these four alleged similarities are admittedly trivial, they cannot rise to the level of improper appropriation as a matter of law, and this case should be dismissed.

To distract from these concessions, Plaintiff resorts to quoting from out-of-context language regarding "accent[s]" and "tempo" from a ninety-two year old case, *Marks v. Leo Feist, Inc.*, 290 F. 959 (2d Cir. 1923). *Marks* long predates the Second Circuit's seminal enunciation of the substantial similarity standard for popular music claims in *Arnstein v. Porter*, 154 F.2d 464 (2d Cir. 1946). Moreover, *Marks* **rejected** a claim of copyright infringement pertaining to a

---

[6] Defendants explained in their moving brief that the substantial similarity analysis only considers expression that "is pleasing to the ears of lay listeners," and thus the alleged "drags" or "ghost notes" in Price Tag cannot satisfy the test for improper appropriation because they are (at best) barely detectible to lay listeners. Def. Br. at 13 (quoting *Arnstein v. Porter*, 154 F.2d 464, 473 (2d Cir. 1946)). Plaintiff does not dispute, and thereby concedes, this in its opposition brief.

popular composition.  290 F. 259.  *Marks* has no bearing on the analysis here, and it cannot vitiate Plaintiff's own dispositive admissions set forth above.

## CONCLUSION

Contrary to Plaintiff's contention, Defendants are not rehashing stale arguments but are pointing out two critical matters which the court overlooked: *One*, that there is a commonplace combination that was not extracted and which cannot be monopolized by Plaintiff; and *two*, only four admittedly trivial elements remain following extraction.  These undisputed matters inexorably lead to the conclusion that substantial similarity cannot be found as a matter of law.

Defendants respectfully request the Court grant their motion for reconsideration, and thereafter enter summary judgment in their favor.

| | |
|---|---|
| Dated: September 14, 2015<br>New York, New York | MITCHELL SILBERBERG & KNUPP LLP<br><br>By:    /s/ Christine Lepera<br>Christine Lepera (ctl@msk.com)<br>Jeffrey M. Movit (jmm@msk.com)<br>12 East 49th Street, 30th Floor<br>New York, New York 10017-1028<br>(212) 509-3900 (Tel.); (212) 509-7239 (Fax)<br><br>*Attorneys for Defendants* |